UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| NEHAD S. ABDELNABI, | ) |
|---|---|
| Petitioner, | ) ) ) |
| v. | ) No.: 3:23-CV-158-TAV-MJD ) |
| CHRISTOPHER BRUN, Warden, | ) ) |
| Respondent. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner's federal habeas action under 28 U.S.C. § 2254 in which Petitioner Nehad S. Abdelnabi challenges his confinement under judgments of conviction for aggravated kidnapping, especially aggravated kidnapping, and aggravated assault [Doc. 1]. Before the Court are Petitioner's motions (1) to expand the record with affidavits [Doc. 30]; (2) for an evidentiary hearing [Doc. 34]; (3) for the appointment of counsel [Doc. 35]; and (4) for an extension of time to file a reply to Respondent's response in opposition to his motion to expand the record [Docs. 36, 37]. The Court considers each motion in turn.

**I.    MOTIONS FOR EXPANSION OF RECORD & EVIDENTIARY HEARING**

Petitioner seeks to expand the record to include "the Affidavit of Ramadan Demiri, Affidavit of Joy Gensheimer[,] and Affidavit of Heather Cohen" [Doc. 30] to support his federal habeas claim that "[t]rial counsel fail[ed] to inform Petitioner of a favorable plea offer[, which] deprived Petitioner of effective assistance of counsel" [Doc. 22, p. 8]. In support of this claim, Petitioner asserts that his post-conviction attorney learned that the prosecuting attorney offered "trial counsel-Jolley [] ten years' probation . . . . [and]

Petitioner was never aware of this plea offer and it was never mentioned or spoken on by Trial Counsel-Jolley" [*Id.* at 9].  Petitioner maintains that this issue was not presented "to the post-conviction court because post-conviction counsel neglected and abandon[ed] his duty as post-conviction counsel[,]" even though Petitioner "requested post-conviction counsel to submit the issue of ineffective assistance of trial counsel for failing to communicate the plea offer" [Doc. 30, p. 1].  Respondent opposes the motion [Doc. 31], and Petitioner has replied [Doc. 33].

The three affidavits produced by Petitioner in these proceedings were not presented in the state courts, and thus, are not part of the state-court record provided to this Court for federal habeas review.  *See, e.g.*, 28 U.S.C. § 2254(g).  However, under Rule 7 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules"), "the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 7(a), § 2254 Rules.  But a petitioner seeking to expand the record is "subject to the same constraints that would be imposed if he had sought an evidentiary hearing."  *Samatar v. Clarridge*, 225 F. App'x 366, 375 (6th Cir. 2007) (quoting *Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005)).  The standard for an evidentiary hearing is articulated in § 2254(e)(2), as follows:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

2

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B).

Here, Petitioner cannot satisfy the exceptions in § 2254(e)(2) because no new constitutional law is implicated, and the factual predicate of this claim could have been discovered through the exercise of due diligence. In fact, during post-conviction proceedings, Petitioner attempted to file a second amended petition presenting his ineffective assistance claim based on the plea offer [Doc. 14-10, pp. 27–28], but it was dismissed as untimely [*Id*. at 31–35]. That procedural ruling was affirmed on post-conviction appeal. *Abdelnabi v. State*, No. E2020-1270-CCA-R3-OC, 2022 WL 500394, at *12–13 (Tenn. Crim. App. Feb. 18, 2022), *perm. app. denied* (Tenn. Aug. 3, 2022).

And Petitioner cannot rely on the alleged ineffectiveness of post-conviction counsel to excuse application of § 2254(e)(2) to permit this Court's consideration of the affidavits. In *Martinez v. Ryan*, the Supreme Court held that the inadequate assistance of post-conviction counsel or the absence of such counsel may, under certain circumstances, establish cause for a prisoner's procedural default of a substantial ineffective assistance of trial counsel claim. 566 U.S. 1, 9, 14 (2012). "Substantial claims are those that a petitioner shows have 'some merit.'" *Hill v. Mitchell*, 842 F.3d 910, 938 (6th Cir. 2016); *see also Landrum v. Anderson*, 813 F.3d 330, 335–36 (6th Cir. 2016) ("A substantial claim is one

3

that has some merit or that has some factual support."). However, review of the substantiality of defaulted claims is based on the facts presented in state court. *Shinn v. Ramirez*, 596 U.S. 366, 381–82 (2022).

In *Shinn*, the Supreme Court iterated that because a petitioner "bears the risk in federal habeas for all attorney errors made in the course of representation," and there is no constitutional right to counsel in state postconviction proceedings, a petitioner is "at fault" under § 2254(e)(2) for failing to develop the state court record "even when state postconviction counsel is negligent[.]" *Id.* at 382–84 (citations omitted); *see also Roger v. Mays*, 69 F.4th 381, 396 (6th Cir. 2023) ("If post-conviction counsel negligently fails to develop the state-court record, that failure is attributable to the petitioner.") "In such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." *Ramirez*, 596 U.S. at 384.

Therefore, under Supreme Court precedent, Petitioner is "at fault" as understood by the applicable law for failing to develop his claim of ineffective assistance regarding any plea offers, and he cannot now present evidence from outside the state-court record. *Id.* at 382–84, 389. Accordingly, Petitioner's motion to expand the record [Doc. 30] is **DENIED**. As Petitioner has failed to meet the exceptions in § 2254(e)(2), his motion for an evidentiary hearing [Doc. 34] is likewise **DENIED**.

## II.     APPOINTMENT OF COUNSEL

Petitioner moves for the appointment of counsel in light of his requests to expand the record and hold an evidentiary hearing [Doc. 35].

There is no general constitutional right to the appointment of counsel in a federal habeas proceeding under § 2254. *See Fay v. Noia*, 372 U.S. 391, 423–24 & n.34 (1963) (noting habeas actions are civil proceedings instituted by the prisoner to obtain his liberty), *overruled in part on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87–88 (1977); *Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991) (noting there is no right to counsel "beyond the first appeal of a criminal conviction"). Instead, the right to counsel is guaranteed in a habeas proceeding only where an indigent petitioner's case requires an evidentiary hearing. *See Young v. United States*, No. 15–4063, 2017 WL 4358942, at *1–2 (6th Cir. Feb. 28, 2017) (finding appointment of counsel for indigent movant mandatory at evidentiary hearing stage based on rules and corresponding advisory committee notes applicable to evidentiary hearings under Sections 2254 and 2255, in agreement with "[a]ll circuits to consider the matter"); *see also* Rule 8(c) of § 2254 Rules (requiring appointment of counsel in a non-capital case "[i]f an evidentiary hearing is warranted"). Otherwise, appointment of counsel is a matter within the sound discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). When deciding whether exceptional circumstances exist, the Court considers several factors, including the nature of the case, whether the issues are legally or factually complex, and a petitioner's ability to present his claims to the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Lavado*, 992 F.2d at 605–06.

Here, the Court has determined that Petitioner is not entitled to an evidentiary hearing. And it appears from the petition and related filings that Petitioner has access to legal resources and a sufficient understanding of the law and these proceedings to present

5

his claims to the Court. Accordingly, Petitioner's motion to appoint counsel [Doc. 35] is **DENIED**.

## III. EXTENSION OF TIME

Petitioner asks the Court to permit him two extensions of time within which to file his reply to Respondent's response in opposition to his motion to expand the record [Docs. 36, 37]. For good cause shown, Petitioner's motions [Docs. 36, 37] are **GRANTED**. Therefore, Plaintiff's reply [Doc. 33], filed on or about February 25, 2025, is deemed timely filed.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE